**KENT FREIGHT LINES, INC., Plaintiff,**

v.

**UNITED STATES of America,**
and
**Interstate Commerce Commission,
Defendants,**
and
**Easton Motor Lines, Inc., Intervening
Defendant.**

**Civ. A. No. 21357.**

United States District Court,
D. Maryland.

April 13, 1972.

William J. Little, Baltimore, Md., for plaintiff, Kent Freight Lines, Inc.

Walter B. Comegys, Acting Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and George Beall, U. S. Atty., D. Md., Baltimore, Md., for defendant, U.S.

Fritz R. Kahn, Gen. Counsel and James F. Tao, Atty. I. C. C., Washington, D. C., for defendant, I. C. C.

Samuel S. Smalkin, and Rollins, Smalkin, Weston & Andrew, Baltimore, Md., and Francis W. McInerny, Peter A. Fitzpatrick and MacDonald & McInerny, Washington, D. C., for intervening defendant, Easton Motor Lines, Inc.

Before SOBELOFF, Senior Circuit Judge, WATKINS, Senior District Judge, and HARVEY, District Judge.

PER CURIAM:

This is an action by Kent Freight Lines, Inc. (Kent) to set aside in part an order of the Interstate Commerce Commission (Commission) granting authority to Easton Motor Lines, Inc., doing business as Marshall's Express (Easton) to transport as a common carrier by motor vehicle, over irregular routes:

"General Commodities, except those of unusual value, classes A & B explosives, household goods as defined by the Commission, commodities in bulk, and those requiring special equipment,

"Between Baltimore, Md., on the one hand, and, on the other, points in Caroline, Dorchester, Somerset, Talbot, Wicomico and Worcester Counties, Md."

In Easton Motor Lines, Inc., Common Carrier Application, Docket MC 129823, Easton had applied for authority as above quoted. Kent and three other carriers opposed the application. Kent's opposition was limited to objection to inclusion, in the grant of authority to Easton, of Caroline and Talbot Counties, and that part of Dorchester County within 75 miles of Aberdeen, Maryland, for which Kent held a Certificate of Public Convenience and Necessity issued by the Commission.

Hearings on Easton's application were held on September 10 and 11, 1968 at Baltimore, Maryland, and on October 22 and 23, 1968 at Salisbury, Maryland, before Joint Board No. 112, composed of Thomas L. Lovelace of the Staff of the Public Service Commission of Maryland.[1] The transcript consisted of 597 pages, the applicant filing 14 exhibits, and the protestants filing 57 exhibits.

On February 26, 1969 the Report and Order Recommended by Joint Board No. 112 was served by the Commission. In substance, it excluded from the proposed grant of authority to Easton the territory for which Kent held a Certificate of Public Convenience and Necessity.

Exceptions were filed by Easton and a reply was filed by Kent and the other protestants.

On June 4, 1969 the Commission (Review Board No. 3, composed of three

[1]. The hearing was on a consolidated record with a companion application by Easton to the Public Service Commission of Maryland to extend its intrastate authority. Kent did not oppose this extension.

members) served its "Decision and Order", reading in pertinent part:

"*It further appearing*, that the evidence indicates a greater disatisfaction with the service of protestant, Kent Freight, Lines, Inc., than indicated in the joint board's report; that the need for service established by the record justifies that a grant of authority between the points set forth in the appendix to this order;

. . . . . .

"*It further appearing*, that such modification of the findings of the joint board is not of such nature as to require the issuance of a report discussing the evidence in the light thereof;

"*And it further appearing*, that, except as noted above, the pleadings raise no new or material matters of fact or law not adequately considered and properly disposed of by the joint board in its report;

"Wherefore, and good cause appearing therefor:

"*We find*, that the findings of the joint board should be, and they are hereby modified to reflect the grant of authority described in the appendix hereto;

"*And we further find*, that the statement of facts, the conclusions and the findings as modified herein, being proper and correct in all material respects, should be and they are hereby, affirmed and adopted as our own:
. . ."

The "appendix" used the language first quoted in this opinion, and gave Easton exactly what it had requested.

On July 19, 1969, a petition for a rehearing, or in the alternative, for further hearing, was filed by Kent and the other protestants. On September 29, 1969, Division 1 of the Commission, acting as an Appellate Division, served its Order, reciting in pertinent part:

"*It is ordered*, that the petition be, and it is hereby denied, for the reasons that in accordance with the evidence and the applicable law, and that no sufficient or proper cause appears for reopening the proceeding for reconsideration or further hearing."

The proceeding before the Commission having become administratively final, suit was filed by Kent on October 27, 1969. Easton intervened as a matter of right. U.S.C. Title 28, § 2323.

## THE LAW

Kent correctly concedes[2] "that the Commission is not required to make the detailed findings of fact required by the Federal Rules of Civil Procedure, Armored Carrier [Corp.] v. United States, 260 F.Supp. 612 (E.D.N.Y.1966); Chicago & E.I.R. v. United States, 107 F. Supp. 118 (S.D.Ind.1952), aff'd mem. 344 U.S. [917, 73 S.Ct. 346, 97 L.Ed. 707] (1953), and, that the Commission is not compelled to annotate to each finding the evidence supporting it. [United States v.] Pierce Auto [Freight] Lines, 327 U.S. 515, 529 [66 S.Ct. 687, 90 L.Ed. 821] (1946); and, that once required statutory findings are made the Court must sustain the Commission *if its findings are supported by substantial evidence on the record considered as a whole*, St. Johnsburg[y] Trucking Co. v. United States, 99 F. Supp. 977 (D.Vt.1951) . . ."

"Substantial evidence" has been defined as evidence "enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." Illinois Cent. R. Co. v. Norfolk & W. R. Co., 385 U.S. 57, 66, 87 S.Ct. 255, 260, 17 L.Ed.2d 162 (1966). Moreover, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Illinois Cent. R. Co. supra, at p. 69, 87 S.Ct. at p. 262; Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966). Furthermore, "the commission is alone authorized to decide upon

2. Brief in this Court, page 14. Emphasis in original.

the weight of the evidence and the significance of the facts." Yourga v. United States, 191 F.Supp. 373, 375 (W.D. Pa.1961).

■ Upon a review of the record we are satisfied that the order of the Commission herein attacked by Kent, was supported by "substantial evidence". Accordingly, the complaint is hereby dismissed, and the relief prayed therein is denied.